■ ARTHUR LIEBLING, Appellant, v NADINE LIEBLING, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered October 30, 1978 the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered May 21, 1987, as granted the defendant wife's application for an award of arrears of child support against him in the principal amount of $19,440.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon our review of the record, we agree with the court's

determination that the wife was entitled to an award for the period from October 28, 1978, up to the date of the hearing of the application for leave to enter a judgment for arrears of child support in March 1987. While the wife's application was governed by a six-year Statute of Limitations *(Welch v Welch,* 130 AD2d 656), she was entitled to an extension for a period of over two years during which the husband was absent from the State and jurisdiction could not be acquired, thereby tolling the statute *(see,* CPLR 207).

The defense of waiver which the husband now raises on appeal was not advanced before the hearing court and is thus not preserved for appellate review *(see, Matter of Schwartz v Cuomo,* 111 AD2d 759, *appeal dismissed* 66 NY2d 758, *lv denied* 67 NY2d 605). In any event, we find it to be without merit. While it is true that the wife's claim was asserted seven years after entry of the divorce judgment and more than four years after the husband's return to the United States, this fact alone does not compel a finding of waiver as a matter of law *(see, Maule v Kaufman,* 33 NY2d 58, 62, *rearg denied* 33 NY2d 940; *Lannon v Lannon,* 124 AD2d 1051). The circumstances of the present application, including the extensive efforts and expenses incurred by the wife in locating the husband and regaining lawful custody of the parties' child, fail to demonstrate any intent on the part of the wife to relinquish her right to receive support on behalf of the child *(see, Friedman v Exel,* 116 AD2d 433; *cf., Petritis v Petritis,* 131 AD2d 651).

We further agree with the Supreme Court that it would be ludicrous to allow a credit to the husband by deducting from his arrears those child support payments which became due during the period in which he lived with the child secretly in Costa Rica in violation of the court's custody order. Such a credit would reward the husband for his unlawful conduct during a period when the wife was engaged in expensive efforts to locate the child and enforce the mandate of the court.

Finally, we condemn the inclusion by the husband of documents in the appendix which are not properly part of the record of appeal *(see, Ro-Stan Equities v Schechter,* 44 AD2d 577; *Terner v Terner,* 44 AD2d 702), as well as his failure to settle the transcript in accordance with the rules of this court *(see,* 22 NYCRR 699.10). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.