■ DENNIS BOOTLE, Appellant-Respondent, v JOANNE BOOTLE, Respondent-Appellant. [625 NYS2d 280] —In an action for divorce and ancillary relief, the plaintiff appeals and the defendant cross appeals from a judgment of the Supreme Court, Queens County (LaFauci, J.), dated October 28, 1993, which, *inter alia,* ordered the plaintiff to pay to the defendant maintenance in the sum of $200 per week for a period of seven years and ordered the defendant to pay to the plaintiff child support in the sum of $12.50 per week per child until each of the children are 21 years of age or are sooner emancipated. The plaintiff's notice of appeal and the defendant's notice of cross appeal from the order dated September 14, 1993, and the amended order dated September 21, 1993, are deemed a premature notice of appeal and notice of cross appeal, respectively, from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

In the present case, the trial court's award of maintenance to the defendant in the sum of $200 per week for a period of seven years was neither excessive, as claimed by the plaintiff, nor inadequate, as claimed by the defendant. In making the award, the court, *inter alia,* took into account the financial circumstances of both parties, including their reasonable needs and means *(see, Raviv v Raviv,* 153 AD2d 932, 934; *Foy v Foy,* 121 AD2d 501), as well as the plaintiff's present and anticipated income, the defendant's present and future earning capacity, and both parties' standard of living *(see, Raviv v Raviv, supra; Delaney v Delaney,* 111 AD2d 111). Moreover, the duration of the award was sufficient in length and designed "to render the recipient self-supporting" *(De La Torre v De La Torre,* 183 AD2d 744, 745).

We conclude that the court did not improvidently exercise its discretion in ordering the defendant to pay child support of only $12.50 per child per week *(see,* Domestic Relations Law § 240 [1-b] [g]), since requiring her to pay her pro rata share of the basic child support obligation would have been unjust and inappropriate under the circumstances of this case *(see,* Domestic Relations Law § 240 [1-b] [f]).

Finally, because the joint record on appeal contains no information regarding the wife's request for counsel fees, this issue cannot be considered by this Court *(see, Linda R. v Richard E.,* 162 AD2d 48, 56). Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.