■ DIANE L. ANDERSON, Appellant, v CARLTON E. ANDERSON, Respondent. [646 NYS2d 552] —In an action for a divorce and ancillary relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered June 30, 1994, as, after a nonjury trial, denied her application for equitable distribution of life insurance policies and reimbursement or credit for college tuition, medical care, and expenses incurred for repairs to the marital residence.

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the plaintiff's application which was for reimbursement for expenses incurred for repairs to the marital residence and substituting therefor a provision granting that branch of the application to the extent of directing the defendant to pay to the plaintiff the sum of $1,166, representing one-half of the

cost for repairs to the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"Equitable distribution presents matters of fact to be resolved by the trial court, and its distribution of the parties' marital property should not be disturbed unless it can be shown that the court improvidently exercised its discretion" (*Oster v Goldberg*, 226 AD2d 515). Here, the Supreme Court did not improvidently exercise its discretion in distributing the parties' marital property. However, the court erred in denying the plaintiff's application for reimbursement from the defendant for the reasonable and necessary expenses incurred by her for repairs to the marital residence where the parties entered into a stipulation during the trial at which the defendant agreed to pay the sum of $1,166, representing one-half of the cost for the repairs.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.