■ LEDORA ORVIETO, Appellant, v LAWRENCE ORVIETO, Respondent. [673 NYS2d 916] —In an action for a divorce and ancillary relief, the plaintiff former wife appeals from (1) a decision of the Supreme Court, Westchester County (Barone, J.), entered October 7, 1996, (2) so much of an order of the same court, entered December 23, 1996, as denied her motion to invalidate a recorded mortgage in the amount of $200,000 and to vacate or clarify the decision, and (3) so much of a judgment of the same court, entered April 8, 1997, as awarded her only $90,000 as her share of equitable distribution, denied her request for maintenance, and denied her request for attorneys' fees.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

Under the circumstances of this case, the court's equitable distribution of the marital property was not an improvident exercise of discretion (*see*, Domestic Relations Law § 236 [B] [5] [d] [11]; *Ferdinando v Ferdinando*, 236 AD2d 585; *Oster v Goldberg*, 226 AD2d 515; *Anderson v Anderson*, 230 AD2d 813).

In light of the parties' relative financial circumstances, the equitable distribution awarded to the plaintiff, and the fact, that she is relatively self-supporting, we conclude that it was not an improvident exercise of discretion to deny her request for maintenance (*see*, Domestic Relations Law § 236 [B] [6]; *Vainchenker v Vainchenker*, 242 AD2d 620).

The court did not improvidently exercise its discretion in denying counsel fees to the plaintiff (*see*, *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Kret v Kret*, 222 AD2d 412).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.