◼ PAULA M. SHATTUCK, Respondent, v HILTON P. SHAT-TUCK, JR., Appellant. [679 NYS2d 781] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "Questions of maintenance are addressed to the sound discretion of the trial court (*see,* Domestic Relations Law § 236 [B] [6]; *Majauskas v Majauskas*, 61 NY2d 481, 494; *Pacifico v Pacifico*, 101 AD2d 709, 710)" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). We reject defendant's contention that Supreme Court abused its discretion in awarding maintenance to plaintiff. The record supports the court's determination that plaintiff lacks sufficient resources to provide for her reasonable needs and that defendant has the ability to contribute to her support (*see,* Domestic Relations Law § 236 [B] [6] [a]). Further, in view of the relevant statutory factors, i.e., the substantial disparity in income between the parties, the 30-year duration of the marriage, and plaintiff's age and limited education and work experience, the maintenance awarded by the court is appropriate in duration and amount (*see,* Domestic Relations Law § 236 [B] [6] [a]). The judgment provides, however, that maintenance shall terminate only upon the death of defendant or his retirement at or after age 62. Pursuant to Domestic Relations Law § 236 (B) (6) (c), maintenance must also terminate upon plaintiff's death or remarriage (*see, Newton v Newton*, 246 AD2d 765, *lv denied* 91 NY2d 813; *Hartog v Hartog*, 194 AD2d 286, 295, *mod on other grounds* 85 NY2d 36). We therefore modify the judgment accordingly. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Maintenance.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.