■ ALAN GOLD, Respondent-Appellant, v SUSAN GOLD, Appellant-Respondent. [714 NYS2d 323] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from (1) stated portions of a judgment of divorce of the Supreme Court, Nassau County (DeMaro, J.), dated July 24, 1998, which, *inter alia,* in effect, awarded her $186,147 as her share of the plaintiff husband's future

enhanced earnings from his medical license, and failed to direct the plaintiff husband to purchase, maintain, or assign a policy of insurance sufficient to secure payment of his obligations under the judgment of divorce, and (2) a judgment of the same court, also dated July 24, 1998, which awarded her only $15,180.20 for support arrears accruing under a pendente lite order, and the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the judgment of divorce, which, among other things, awarded the defendant wife maintenance of $2,000 per week for five years and $1,000 per week for the next 10 years, provided for increased maintenance if any part of the distributive award was not paid or was discharged in bankruptcy, and provided that the maintenance obligation would not terminate upon the defendant wife's remarriage.

Ordered that the judgment of divorce is modified, on the law, by (1) deleting the provision thereof awarding the defendant maintenance of $2,000 per week for five years and $1,000 per week for the next 10 years, and substituting therefor a provision granting the defendant maintenance in the sum of $80,000 per year for five years, (2) deleting so much of the judgment as, in effect, awarded the defendant $186,147 as her share of the plaintiff's future enhanced earnings from his medical license and substituting therefor a provision awarding the defendant $865,000, (3) deleting the provisions thereof providing for increased maintenance if any part of the distributive award was not paid or was discharged in bankruptcy, and providing that the maintenance obligation would not terminate upon the defendant's remarriage, and (4) by adding thereto a provision directing the plaintiff to purchase, maintain, or assign a policy of life insurance sufficient to secure payment of his obligations under the judgment of divorce; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Nassau County for entry of an amended judgment of divorce in accordance herewith; and it is further,

Ordered that the judgment of arrears is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff and the defendant were married in 1969 and have three children. Two of the children were emancipated at the time of trial. When they married, the plaintiff was entering his third year of medical school and the defendant was a school teacher. In 1971, the plaintiff received his medical degree and the defendant received her master's degree in education. After

the birth of the parties' first child in 1973, the defendant no longer maintained significant employment outside the home. The plaintiff, upon completion of his internship and residency in 1978, was employed by the Long Island Plastic Surgical Group (hereinafter LIPS), a surgery practice. Within a year, he accepted an offer to buy an interest in LIPS for approximately $80,000. This was the beginning of the plaintiff's long and very successful career with LIPS, which was still ongoing at the time of trial in 1996. The plaintiff moved out of the marital home in 1991 and he commenced this action on January 10, 1992.

Contrary to the defendant's contentions, the evidence in the record supports the Supreme Court's valuation of the plaintiff's future enhanced earnings from that portion of his medical license earned during the marriage at $3,156,588 (see, O'Brien v O'Brien, 66 NY2d 576; Ferraro v Ferraro, 257 AD2d 598). However, the record does not support the Supreme Court's award to the defendant of only $789,147, i.e., 25% of that amount, apportioned between a distributive award and a maintenance award. Rather, in light of, among other things, the length of the marriage, the defendant's direct and indirect contributions to the marital partnership which helped produce the medical license, and the maintenance award, which, in part, requires consideration of the same source of income (the plaintiff's earnings), the defendant's equitable share of such enhanced earnings should be increased to $865,000 (or approximately 27.4% of the value of the asset) (see, McSparron v McSparron, 87 NY2d 275; Anderson v Anderson, 230 AD2d 813). Further, in light of, inter alia, the age and the present and future earning capacity of each party, the lifestyle they enjoyed while married, the tax consequences of the judgment of divorce to each party, and the significant marital assets being distributed, a separate award of maintenance to the defendant in the amount of $400,000 is appropriate, to be payable at the rate of $80,000 per year for five years (see, O'Brien v O'Brien, supra; Grunfeld v Grunfeld, 255 AD2d 12, affd 94 NY2d 696; Granade-Bastuck v Bastuck, 249 AD2d 444).

The Supreme Court providently exercised its discretion in denying interest on the defendant's distributive award from the date of commencement of this action to the date of decision (see, CPLR 5001; Schanback v Schanback, 159 AD2d 498). However, as noted in a companion appeal (see, Gold v Gold, 276 AD2d 590 [decided herewith]), the defendant is entitled to interest on her distributive award from the date of the decision concerning the same until the entry of the judgment of divorce,

and from the entry of that judgment until payment (*see,* CPLR 5002, 5003, 5004; *Purpura v Purpura,* 261 AD2d 595; *Liebling v Liebling,* 146 AD2d 673).

That provision of the judgment of divorce which provided for an increase in maintenance based on potential nonpayment or discharge in bankruptcy of any part of the distributive award, and that the award of maintenance would not terminate upon the defendant's remarriage, was improper (*see, Majauskas v Majauskas,* 61 NY2d 481; *Shattuck v Shattuck,* 255 AD2d 999; Domestic Relations Law § 236 [B] [1] [a]). Further, the Supreme Court improvidently exercised its discretion in failing to direct the plaintiff to purchase, maintain, or assign a policy of insurance sufficient to secure payment of his obligations under the judgment of divorce (*see,* Domestic Relations Law § 236 [B] [8] [a]; *Wilbur v Wilbur,* 130 AD2d 853).

The parties' remaining contentions lack merit. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.