and from the entry of that judgment until payment (*see,* CPLR 5002, 5003, 5004; *Purpura v Purpura,* 261 AD2d 595; *Liebling v Liebling,* 146 AD2d 673).

That provision of the judgment of divorce which provided for an increase in maintenance based on potential nonpayment or discharge in bankruptcy of any part of the distributive award, and that the award of maintenance would not terminate upon the defendant's remarriage, was improper (*see, Majauskas v Majauskas,* 61 NY2d 481; *Shattuck v Shattuck,* 255 AD2d 999; Domestic Relations Law § 236 [B] [1] [a]). Further, the Supreme Court improvidently exercised its discretion in failing to direct the plaintiff to purchase, maintain, or assign a policy of insurance sufficient to secure payment of his obligations under the judgment of divorce (*see,* Domestic Relations Law § 236 [B] [8] [a]; *Wilbur v Wilbur,* 130 AD2d 853).

The parties' remaining contentions lack merit. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.

■ ALAN GOLD, Respondent, v SUSAN GOLD, Appellant. [715 NYS2d 325] —In a matrimonial action in which the parties were divorced by judgment dated July 24, 1998, the defendant wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated May 12, 1999, as denied that branch of her motion which was for stated interest on a distributive award, and (2) a judgment of the same court, dated June 15, 1999, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which, in effect, denied the defendant wife post-decision interest on the distributive award and substituting therefor a provision granting the defendant wife post-decision interest on the distributive award; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court for further proceedings in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant's contention that the Supreme Court improvidently exercised its discretion in denying her pre-decision interest pursuant to CPLR 5001 has been considered and found to

be without merit in a companion appeal from the judgment of divorce (*see, Gold v Gold* (276 AD2d 588 [decided herewith]). However, the defendant is entitled to interest on the distributive award from the date of the decision until the entry of judgment, and from the entry of judgment to the date of payment (*see,* CPLR 5002, 5003, 5004; *Purpura v Purpura,* 261 AD2d 595; *Liebling v Liebling,* 146 AD2d 673). This right is unaffected by the direction of the Supreme Court that the judgment be paid in installments (*see, Grunfeld v Grunfeld,* 255 AD2d 12, 22-23; *White v White,* 204 AD2d 825, 827; *Morrongiello v Paulsen,* 195 AD2d 594, 597). In the companion appeal, the judgment of divorce has been remitted for the entry of an amended judgment as to, *inter alia,* the defendant's distributive award. The calculation and award of the correct amount of interest shall be addressed therein. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.