■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAUREN BREITSTEIN, Formerly Known as LAUREN AARONSON, on Behalf of SCOTT AARONSON, Respondent, v JEFFREY AARONSON, Appellant. [727 NYS2d 477] —In a habeas corpus proceeding to obtain custody of the parties' son, the father appeals from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated February 23, 2000, as, after a hearing, and after the parties agreed that their son would reside with the father and their daughter would reside with the mother, (1) directed him to pay the mother $243.88 per week in child support for the parties' daughter, and directed the mother to pay him only $43.31 per week in child support for the parties' son, (2) denied his application for child support based upon the mother's potential earning capacity or by imputing income from her present spouse, (3) granted the mother's application for an attorney's fee, and (4) denied his application for an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provisions thereof directing the father to pay the mother $243.88 per week in child support for the parties' daughter and the mother to pay the father $43.31 per week in child support for the parties' son, and substituting therefor a provision directing the father to pay the mother $120 per week in child support for the parties' daughter retroactive to August 20, 1999; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.

The parties were divorced on June 5, 1992. The parties had two children during the marriage; a daughter born May 27, 1985, and a son born March 10, 1988. The parties were awarded joint custody of the children with the mother to have residential custody. Pursuant to a stipulation of settlement executed by the parties on January 23, 1992, which was incorporated into the divorce decree, the parties agreed not to apply the Child Support Standards Act. They agreed, instead, that the father would pay $120 per week per child, for a total of $240 per week, to the mother for the support and maintenance of the two children. Both parties subsequently remarried.

On May 25, 1999, the parties' then 11-year-old son allegedly ran away from the mother's home. The father, after receiving a telephone call from his son, arranged to have him picked up and taken to the father's home in Connecticut. The father filed a petition for custody in Family Court, Suffolk County, on May 26, 1999.

The mother then commenced this proceeding, demanding that the son be returned to her. The parties subsequently agreed at an August 20, 1999, hearing that their son should reside with the father, but the parties could not agree as to their respective child support obligations in light of the change in custody. The Supreme Court, applying the standards set forth in the Child Support Standards Act, determined that the father should pay $243.88 per week to the mother in child support for the parties' daughter, and that the mother should pay $43.31 per week to the father in child support for the parties' son.

The Supreme Court erred in applying the statutory percentages under the Child Support Standards Act. The parties previously agreed that they were not to apply and there were no circumstances to warrant any deviation from such agreement. In addition, the father's child support obligations of $240 per week, as previously agreed upon, should be reduced by one-half since the son now resides with the father (*see, Matter of Goldberg v Benner,* 247 AD2d 385; *Rocchio v Rocchio,* 213 AD2d 535; *Matter of Christodoulou v Christodoulou,* 212 AD2d 607). Accordingly, the father is directed to pay the mother $120 per week in child support for the parties' daughter retroactive to August 20, 1999.

As to the parties' applications for attorney's fees, the Supreme Court providently exercised its discretion in granting the mother's application and denying the father's application (*see, Linda R. v Richard E.,* 176 AD2d 312; Domestic Relations Law § 237).

The father's remaining contentions are without merit. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.