■ In the Matter of DORRAINE BARROW, Respondent, v KENUTE E. HAMMOND, Appellant. (Proceeding No. 1.) In the Matter of DORRAINE BARROW, Respondent, v KENUTE E. HAMMOND, Appellant. (Proceeding No. 2.) [759 NYS2d 539] —In two

related paternity and child support proceedings pursuant to Family Court Act articles 4 and 5, the father appeals from an order of the Family Court, Nassau County (Foskey, J.), dated July 8, 2002, which denied his objections to an order of the same court (Watson, H.E.), dated February 13, 2002, which, after a hearing, inter alia, imputed income to him for the purpose of calculating his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The parties, Dorraine Barrow and Kenute E. Hammond, are the parents of two sons who were born out of wedlock during the course of their nine-year relationship. The parties separated in March 2001, and in July 2001, the father married his present wife with whom he had a child in December 2001. In September 2001, Dorraine Barrow commenced two paternity and child support proceedings under Family Court Act articles 4 and 5. The father, who held the same two jobs since before his first son was born in 1994, resigned from one of them in December 2001, a few weeks before the support hearing. In computing the father's child support obligation, the Family Court used the total income from the father's 2000 federal income tax return, which included the wages from his prior employment.

It is appropriate to impute income where the father has voluntarily left his employment (*see* Family Ct Act § 413 [1] [b] [5] [v]; *Hickland v Hickland,* 39 NY2d 1, 5-6 [1976], *cert denied* 429 US 941 [1976]; *Matter of Dodaro v Beyer,* 297 AD2d 379, 380 [2002]; *Matter of Brefka v Dobies,* 271 AD2d 876 [2000]; *Matter of Fries v Price-Yablin,* 209 AD2d 1002 [1994]). Thus, we agree with the Family Court that it was proper to impute income from the father's second job.

The father's remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.