■ NANCY N. MIKLOS, Respondent-Appellant, v JOSEPH MIKLOS, Appellant-Respondent. [780 NYS2d 622]—

In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered July 3, 2002, which, after a nonjury trial, and upon a finding that the plaintiff former wife was entitled to 50% of the value attributable to the marital portion of his law license, inter alia, directed him to pay a distributive award in the amount of $690,953.50, maintenance in the amount of $42,000 per year for a period of 15 years and $24,000 per year thereafter until the death of either party, and child support in the amount of $31,972 per year, and the plaintiff former wife cross-appeals from so much of the same judgment as, upon a finding that she was entitled to only a 40% share of the defendant former husband's interest in his law firm, awarded her as part of the distributive award a sum of money equivalent thereto, failed to award her retroactive child support and maintenance, and directed the defendant former husband to pay child support in the amount of only $31,972 per year.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof directing the former husband to pay (1) maintenance in the amount of $42,000 per year for a period of 15 years and $24,000 per year thereafter until the death of either party, (2) a distributive award in the amount of $690,953.50, and (3) child support in the amount of $31,972 per year; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

"Once a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld,* 94 NY2d 696, 705 [2000]; *see McSparron v McSparron,* 87 NY2d 275 [1995]). It is impossible to determine from the record before us whether the Supreme Court impermissibly engaged in the "double counting" of income when valuing the defendant former husband's enhanced earning capacity, together with his interest in his law firm, and which values were then used in equitably distributing the marital property, and in determining the award of maintenance to the plaintiff former wife. Here, in valuing and distributing the marital portion of the defendant's law license, the Supreme Court converted a certain amount of his projected future income stream into an asset. However, since the Supreme Court used one method in determining the defendant's enhanced earnings and a separate, possibly overlapping, method in valuing his interest in his law firm and failed to explain how it amalgamated the two methods and kept them from overlapping, it is impossible to tell whether or not the Supreme Court erred in its determinations as to maintenance, child support, and equitable distribution. Thus we remit the matter to the Supreme Court, Nassau County, to address this issue, and, if necessary, to recalculate those awards (*see Fishler v Fishler,* 302 AD2d 423 [2003]). Since we are remitting this matter for further proceedings, including, inter alia, the possible recalculation of the awards for child support and maintenance, we note that in its recent decision in *Holterman v Holterman* (3 NY3d 1 [2004]), the Court of Appeals addressed the issue of child support, and further note our admonitions regarding the interplay of, inter alia, maintenance and child support (*see Graham v Graham,* 277 AD2d 423 [2000]; *Krantz v Krantz,* 175 AD2d 865 [1991]).

The Supreme Court improvidently exercised its discretion in determining that the plaintiff was entitled to 50% of the two-

thirds portion of the defendant's enhanced earning capacity which the Supreme Court determined was marital property. The defendant worked full time as a pharmacist the entire time he attended law school and had a full scholarship to attend law school. The parties married after the defendant completed his first year of law school and did not have any children at that time. Under these circumstances, even though the plaintiff provided a portion of the parties' joint income while the defendant attended law school and the defendant did not work during at least part of the time he was preparing for the bar examination, an award of 30%, rather than 50%, of that portion of the value of the defendant's enhanced earning capacity which the Supreme Court determined is marital property, is appropriate (*see Morrongiello v Paulsen,* 195 AD2d 594 [1993]).

The Supreme Court properly included in the defendant's income for the year 2000, certain benefits and prerequisites from his employer which were not included on his tax returns. However, the Supreme Court improperly imputed $5,926.90 representing disability insurance for the year 2001 as income for the year 2000. The Supreme Court also improperly included $11,429 in payments made for telephone charges as income for the year 2000, since the record does not support the finding that the charges were for personal use. Thus, the Supreme Court erred in factoring these items into the defendant's imputed income. The defendant's annual income should therefore be recomputed, and his child support and maintenance obligations adjusted accordingly (*see Skinner v Skinner,* 241 AD2d 544 [1997]).

The plaintiff also was entitled to retroactive child support and maintenance. A party's child support and maintenance obligation is retroactive to the date the application was first made, which in this case was the date the action was commenced, July 28, 1998 (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Harrison v Harrison,* 255 AD2d 490 [1998]). Accordingly, the Supreme Court, Nassau County, must calculate the amount of retroactive child support and maintenance and credit the defendant for any amount of temporary maintenance and child support already paid (*see Sherman v Sherman,* 304 AD2d 744 [2003]).

Since the parties entered into a post-trial stipulation that all marital assets should be divided equally except for the defendant's enhanced earning capacity from his law degree, the Supreme Court should have determined that the plaintiff was entitled to 50% of the defendant's interest in his law firm after accounting for the award for the defendant's enhanced earning capacity as part of the equitable distribution award.

The Supreme Court providently exercised its discretion in denying prejudgment interest on the plaintiff's distributive award (*see Gold v Gold*, 276 AD2d 587 [2000]). However, the plaintiff is entitled to interest on the distributive award from the date of entry of the judgment of divorce to the date of final payment (*see Gold v Gold, supra*).

The remaining contentions raised on the appeal and cross appeal either are without merit or need not be reached in light of our determination. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.