■ GREGORY FALGOUST, Respondent, v ANDREA FALGOUST, Appellant. [790 NYS2d 532]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Ross, J.), entered October 27, 2003, which, after a nonjury trial, inter alia, (1) awarded the plaintiff husband a credit of $351,014.27, representing the net proceeds of the sale of the former marital residence, and 60% of the remaining proceeds of the sale of the current marital residence, (2) failed to award her an interest in the appreciation of the value of the former marital residence, (3) directed that the plaintiff pay her the sum of only $500 per week in maintenance for a period of two years, and (4) directed that the plaintiff husband pay her the sum of only $601.87 per week in child support for a period of two years and the sum of $690.58 per week thereafter.

Ordered that judgment is modified, on the law and the facts, by (1) deleting the provision thereof awarding the plaintiff husband a credit in the sum of of $351,014.27, representing the net proceeds of the sale of the former marital residence, and substituting therefor a provision awarding him a credit in the sum of $312,729.56 and awarding the defendant a credit in the sum of $38,284.71, and (2) deleting the provisions thereof directing the plaintiff to pay child support; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, to recompute the plaintiff's child support obligation and for the entry of an appropriate amended judgment; and it is further,

Ordered that pending the recomputation of the amount of child support, the child support payments as set forth in the judgment shall remain in effect; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On January 12, 1994, the plaintiff and his brother bought residential property, which was the former marital residence, located at 4 Carling Drive, New Hyde Park (hereinafter the Carling Drive property). The brothers paid the full purchase price of $235,000 for the property and title was held in both of their names. Since the defendant stipulated that the $235,000 purchase price came from nonmarital funds, the Carling Drive property was the plaintiff's separate property (*see* Domestic Relations Law § 236 [B] [1] [d]; *Cappiello v Cappiello,* 66 NY2d

107 [1985]; *Pelletier v Pelletier,* 242 AD2d 325 [1997]; *Lagnena v Lagnena,* 215 AD2d 445, 446 [1995]; *cf. Farag v Farag,* 4 AD3d 502, 503 [2004]). Moreover, the plaintiff was entitled to a separate property credit for the value of the Carling Drive property even though he used the net proceeds from its sale as partial payment on a new marital residence with title taken in the names of both parties as tenants by the entirety (*see Diaco v Diaco,* 278 AD2d 358, 359 [2000]; *Monks v Monks,* 134 AD2d 334, 336 [1987]; *Coffey v Coffey,* 119 AD2d 620, 622 [1986]; *cf. Carney v Carney,* 202 AD2d 907 [1994]).

However, in the exercise of our factual review power, we increase the defendant's equitable share in the Carling Drive property from $0 to $38,284.71 to properly reflect her contributions to that asset, and the parties' circumstances. The parties lived at the Carling Drive residence for approximately seven years during which time it appreciated in value by $116,014.27. When separate property appreciates during the marriage due to the active efforts of the titled spouse, and "where such appreciation was 'due in part' to the contributions and efforts of the nontitled spouse as a parent and homemaker, the amount of that appreciation should be added to the sum of marital property for equitable distribution" (*Price v Price,* 69 NY2d 8, 17 [1986]; *Karounos v Karounos,* 206 AD2d 407, 410 [1994]; *see Hartog v Hartog,* 85 NY2d 36, 48-49 [1995]). In the instant case, the property appreciated due, in part, to the efforts of the plaintiff who made renovations to it. However, he admitted that he used money earned during the marriage to maintain and improve the property. Moreover, the defendant testified that she took care of the children and performed household chores. Her testimony to this effect was undisputed. Accordingly, under the circumstances of this case, the defendant was entitled to a credit in the sum of $38,284.71 for 33% of the appreciation in value of the Carling Drive property (*see Miller v Miller,* 4 AD3d 718, 719 [2004]; *Markopoulos v Markopoulos,* 274 AD2d 457, 459 [2000]; *Lord v Lord,* 124 AD2d 930, 931 [1986]), and the plaintiff's separate property credit is reduced from $351,014.27 to $312,729.56.

Contrary to the defendant's further contention, the Supreme Court providently exercised its discretion in awarding her less than 50% of all of the marital assets. Equitable distribution does not necessarily mean equal distribution (*see Rizzuto v Rizzuto,* 250 AD2d 829, 830 [1998]; *Greenwald v Greenwald,* 164 AD2d 706, 713 [1991]), and it is evident that the Supreme Court properly considered the relevant statutory factors in fashioning the distribution in the instant case (*see* Domestic Relations Law

§ 236 [B] [5]). In this respect, we disagree with the defendant that she was entitled to 50% of the value of certain shares of Texas Home Security, Inc., that the plaintiff acquired during the marriage. As conceded by the defendant in her brief on appeal, the Supreme Court awarded her 33% of the full value of these shares and we decline to disturb that determination.

The amount and duration of maintenance to be awarded in a divorce action is a matter committed to the sound discretion of the court (see Buchsbaum v Buchsbaum, 292 AD2d 553 [2002]; Murray v Murray, 269 AD2d 433 [2000]). Here, the Supreme Court providently exercised its discretion in awarding the defendant the sum of $500 per week in maintenance for a period of two years. The defendant received a considerable distributive award and she is fully capable of becoming self-supporting. She has a Master's degree from Columbia University and she is licensed in speech therapy. Indeed, she worked full time before she had her first daughter and she worked part time at various times throughout the 8½-year marriage. The amount and duration of the maintenance award will permit the defendant to become self-supporting and, when combined with the distributive award, will permit her to maintain a standard of living comparable to what she enjoyed during the marriage (see Domestic Relations Law § 236 [B] [6] [a]).

With respect to child support, the Supreme Court erred in computing the plaintiff's income pursuant to Domestic Relations Law § 240 (1-b) (b) (5). Pursuant to Domestic Relations Law § 240 (1-b) (b) (5), federal and state taxes are not deducted from a parent's gross income for purposes of calculating child support. In the instant case, the Supreme Court stated that the plaintiff earned $210,523 in 2002 after deductions for FICA and local taxes. However, a review of the plaintiff's statement of net worth, dated February 25, 2003, indicates that he earned $210,492.36 after deductions for all taxes, including federal and state taxes. Accordingly, we remit this matter to the Supreme Court, Nassau County, to recompute the plaintiff's child support obligation.

The defendant's remaining contentions are without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.