■ STACIE CALIAN, Appellant, v ERIC CALIAN, Respondent. [814 NYS2d 649]—

In a matrimonial action in which the parties were divorced by judgment dated July 27, 2001, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Montagnino, J.), dated January 27, 2005,

as, in effect, denied her motion to terminate her obligation to pay child support, found the defendant to be the primary custodial parent of the parties' children, and directed her, as the noncustodial parent, to pay basic child support pursuant to the Child Support Standards Act in the sum of $4,640 per year.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting the provision thereof directing the plaintiff to pay basic child support in the sum of $4,640 per year, and substituting therefor a provision directing the plaintiff to pay basic child support in the sum of $300 per year; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties have joint custody of their three children. In their January 6, 2004 stipulation (hereinafter the stipulation) determining the issue of parental access to the children, the parties agreed that a comparison of the amount of time each parent had physical custody of the children would not be used in a future hearing determining child support. By so stipulating, the parties, in effect, agreed to employ a method which potentially would have yielded a child support award deviating from what the basic child support obligation would have been under the Child Support Standards Act (hereinafter the CSSA). However, the stipulation failed to include the provisions required, pursuant to Domestic Relations Law § 240 (1-b) (h), when a stipulation deviates from the basic child support obligation. Accordingly, the Supreme Court properly found the relevant provisions invalid and, in effect, set that part of the Stipulation aside and applied the CSSA to determine the issue of child support (*see Lepore v Lepore,* 276 AD2d 677, 678 [2000]; *Matter of Phillips v Phillips,* 245 AD2d 457 [1997]; *Appel v Appel,* 241 AD2d 470, 471 [1997]). While the mother correctly points out that the requisite language was included in the original divorce stipulation, that stipulation was superseded by an intervening order modifying the divorce judgment and stipulation to comply with the CSSA (*cf. People ex rel. Breitstein v Aaronson,* 285 AD2d 566 [2001]).

Upon setting aside that part of the stipulation that deviated from the CSSA, the court properly determined that the defendant is the primary custodial parent (*see Bast v Rossoff,* 91 NY2d 723, 729 [1998]; *Matter of Burke v Burke,* 245 AD2d 1007, 1008 [1997]; *Blaise v Blaise,* 241 AD2d 680, 682 [1997]).

With respect to the award of child support, we find that the basic child support obligation was unjust and inappropriate under the circumstances of this case, even after the Supreme Court capped the combined parental income at $80,000, and we

reduce the award accordingly (*see* Domestic Relations Law § 240 [1-b], [f], [g]; *Gainey v Gainey,* 303 AD2d 628, 630 [2003]; *Matter of Simmons v Hyland,* 235 AD2d 67, 70 [1997]). Prudenti, P.J., Schmidt, Adams and Covello, JJ., concur.