■ ZEV SHAPIRO, Respondent-Appellant, v SARAH SHAPIRO, Appellant-Respondent. [829 NYS2d 114]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated October 17, 2005, which, inter alia, after a nonjury trial, failed to award her a $220,000 credit as separate property towards the purchase of the marital residence, awarded the plaintiff child support, denied her application for an award of an attorney's fee, awarded the plaintiff a 75% credit for a $150,000 equity loan she took after the commencement of this action, to be paid from her net proceeds from the sale of the marital residence, awarded her maintenance only until August 31, 2008, and directed her to pay a pro rata portion of the parties' children's additional expenses, including, among other things, their private school tuition and summer camp costs, and the plaintiff cross-appeals, as limited by his brief, from stated

portions of the same judgment, which, inter alia, awarded him only a 25% equitable distributive share of the net proceeds of the marital residence, awarded him only $585 monthly child support, failed to award him a support overpayment credit as a result of a downward modification of his pendente lite support obligation, and awarded the defendant the sum of $7,500 for the marital residence furnishings without directing a distribution of said furnishings.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting subparagraphs (ii) through (vi) of the fifth decretal paragraph thereof, and substituting therefor provisions awarding child support in the amount of $25 per week, retroactive to September 17, 2002, (2) by deleting so much of the tenth decretal paragraph thereof as directed that upon the sale of the marital residence, the plaintiff shall receive, from the defendant's share of the net proceeds, a credit equal to 75% of the $150,000 loan acquired by the defendant, to wit: $112,500, and substituting therefor a provision directing that upon the sale of the marital residence, the plaintiff shall receive, from the defendant's share of the net proceeds, a credit equal to 25% of the $150,000 loan acquired by the defendant, to wit: $37,500, and (3) by adding to the sixteenth decretal paragraph thereof a provision that the furnishings in the marital residence shall be distributed to the plaintiff; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant correctly contends that the trial court erroneously included her maintenance award as income in computing her basic child support obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Lee v Lee*, 18 AD3d 508 [2005]; *Huber v Huber*, 229 AD2d 904 [1996]). Further, even with this correction, requiring the defendant to pay her pro rata share of the basic child support obligation (*see* Domestic Relations Law § 240 [1-b] [c]), would be unjust and inappropriate under the circumstances of this case (*see* Domestic Relations Law § 240 [1-b] [f], [g]; *Calian v Calian*, 28 AD3d 506 [2006]; *Bootle v Bootle*, 214 AD2d 636 [1995]). Balancing the plaintiff's sole custody of the parties' children, as well as his superior financial position, against the lesser income and financial resources of the defendant who did not work for almost the entire length of the parties' 15-year marriage, but instead stayed home to care for the parties' children and maintain the marital residence, an award of $25 per week to the plaintiff is "just and appropriate" (*Gainey v Gainey*, 303 AD2d 628, 630 [2003]; *see also Calian v Calian*, *supra*; *Bootle v Bootle*, *supra*). Further, since we have determined

that the amount of child support presumptively due from the defendant under the statute is unjust and inappropriate, the defendant is not obligated to pay her pro rata share of the additional expenses listed in the fifth decretal paragraph of the judgment, such as unreimbursed medical, dental, and mental health fees, and the costs and expenses associated with the children's private school, transportation to and from same, summer camp, extra-curricular activities, tutoring, and college expenses (*see e.g. Gentner v Gentner*, 289 AD2d 886 [2001]), and thus, we modify the judgment accordingly. Nonetheless, we agree with the plaintiff's contention that the trial court should have awarded child support retroactive to September 17, 2002, which is the date custody of the children was transferred from the defendant to him (*see* Domestic Relations Law § 236 [B] [7] [a]; *Schiffer v Schiffer*, 21 AD3d 889 [2005]; *Miklos v Miklos*, 9 AD3d 397 [2004]; *Solomon v Solomon*, 282 AD2d 666 [2001]).

Contrary to the plaintiff's contention, he is not entitled to an overpayment credit as a result of a downward modification of his pendente lite support obligation (*see Litman v Litman*, 280 AD2d 520 [2001]; *Samu v Samu*, 257 AD2d 656 [1999]; *Petek v Petek*, 239 AD2d 327 [1997]; *Maier v Maier*, 201 AD2d 919 [1994]; *see generally Du Jack v Du Jack*, 243 AD2d 908 [1997]).

Also contrary to the plaintiff's contention, the trial court providently exercised its discretion in declining to evenly divide the marital residence net proceeds (*see Falgoust v Falgoust*, 15 AD3d 612 [2005]). "Equitable distribution does not necessarily mean equal distribution" (*Falgoust v Falgoust, supra* at 614; *see also Rizzuto v Rizzuto*, 250 AD2d 829, 830 [1998]; *Greenwald v Greenwald,* 164 AD2d 706, 713 [1991]), and "it is evident that the Supreme Court properly considered the relevant statutory factors in fashioning the distribution in the instant case," awarding the defendant 75% and the plaintiff 25% of the marital residence net proceeds (*Falgoust v Falgoust, supra* at 614-615; *see* Domestic Relations Law § 236 [B] [5]).

The trial court properly rejected the defendant's claim for a credit of $220,000 as separate property (*see Penna v Penna*, 29 AD3d 970 [2006]; *Fuegel v Fuegel*, 271 AD2d 404 [2000]).

The defendant additionally contends that the trial court erred in awarding her maintenance until only August 31, 2008, i.e., for only about seven years, retroactive to her initial request for pendente lite maintenance. Contrary to her contention, in resolving the issue of maintenance, the trial court properly considered, under Domestic Relations Law § 236 (B) (6) (a), the substantial disparity in the parties' incomes, the pre-divorce standard of living, the duration of the marriage, the present

and future earning capacity of the parties, and the tax consequences to both parties in limiting maintenance to about seven years (*see Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *Lincourt v Lincourt*, 4 AD3d 666 [2004]).

The trial court erred in directing that upon the closing of the sale of the marital residence, the plaintiff shall receive, from the defendant's share of the net proceeds, a credit equal to 75% of the $150,000 equity loan she acquired after commencement of this action. This loan was acquired by the defendant to pay her legal fees in connection with this case. While the trial court providently exercised its discretion in determining that the defendant should be responsible for her own legal fees (*see Timpone v Timpone*, 28 AD3d 646 [2006]; Domestic Relations Law § 237 [a]), and in granting the plaintiff a credit against the defendant's share of the net proceeds of the sale of the marital residence to achieve this goal, to do so, the plaintiff should only have received a 25% credit of the $150,000 equity loan. Otherwise, the plaintiff would receive more money from the sale of the marital residence than he would have been entitled to under his equitable share thereof had there not been a $150,000 equity loan.

In the course of providing the defendant with a monetary distributive award of $7,500, representing 75% of the value of the marital residence furnishings, we agree with the plaintiff's claim that the trial court should have also directed the distribution of the actual furnishings to him and, thus, modify the judgment accordingly.

The parties' remaining contentions either are not properly before us, without merit, or have not been considered because they were improperly argued for the first time in the parties' respective reply briefs (*see Williams v City of White Plains*, 6 AD3d 609 [2004]; *Givoldi, Inc. v United Parcel Serv.*, 286 AD2d 220 [2001]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.