■ Deborah B. Haines, Respondent, v Gregory L. Haines, Appellant. [845 NYS2d 77]—

In a matrimonial action in which the parties were divorced by judgment dated September 23, 2004, the defendant appeals, by permission, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated June 21, 2006, as, after a nonjury trial, awarded the plaintiff maintenance in the sum of $1,200 per month until May 1, 2019.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff maintenance in the sum of $1,200 per month until May 1, 2019 and substituting therefor a provision awarding the plaintiff maintenance in the sum of $900 per month until May 1, 2019 or until the death of either party or the plaintiff's remarriage, whichever shall occur sooner; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court" (*Grumet v Grumet,* 37 AD3d 534, 535 [2007]; *Scarlett v Scarlett,* 35 AD3d 710, 711 [2006]; *see Rizzuto v Rizzuto,* 21 AD3d 545 [2005]). In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties (*see* Domestic Relations Law § 236 [B] [6] [a]; *Levine v Levine,* 37 AD3d 550, 551 [2007], *lv denied* 8 NY3d 1003 [2007]; *Shapiro v Shapiro,* 35 AD3d 585, 587-588 [2006]; *Herzog v Herzog,* 18 AD3d 707, 708 [2005]). Here, the Supreme Court improvidently exercised its discretion in failing to impute income from the plaintiff's second job as a data entry clerk since that income contributed to the predivorce standard of living and was demonstrative of the plaintiff's earning capacity (*see Parise v Parise,* 13 AD3d 504, 505 [2004]; *Matter of Barrow v Hammond,* 305 AD2d 496 [2003]). The plaintiff had been working at the second job for several years prior to the commencement of the matrimonial action, and the defendant had been working for considerably more than 40 hours per week during this time period. Additionally, while the plaintiff had been earning only approximately $39,000 per year at the time of the commencement of this action, by the time the matter was heard by the trial court, she had increased her earnings to approximately $56,000. Unlike the Equitable Distribution Law (*see* Domestic Relations Law § 236 [B] [5] [d] [1]), Domestic Relations Law § 236 (B) (6) (a) (1) contains no express time limitation with respect to calculating income (*see* 14 Scheinkman, NY Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § C236B:36, at 457). Thus, when considering the "income and property of the respective parties," the trial court should not exclude any property or income increase which has occurred between the time of commencement of the action and the time of trial (*id.*). Accordingly, the trial court should have attributed to the plaintiff a yearly income of $56,000 (*see* Domestic Relations Law § 236 [B] [6] [a] [1]).

Additionally, the trial court erred in failing to include a provision that the award of maintenance will terminate upon the death of either party or the plaintiff's remarriage (*see* Domestic Relations Law § 236 [B] [1] [a]; *Gold v Gold,* 276 AD2d 587 [2000]; *Shattuck v Shattuck,* 255 AD2d 999 [1998]; *Newton v Newton,* 246 AD2d 765 [1998]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.