In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Falanga, J.), entered May 18, 2007, as, after a nonjury trial, and upon a decision of the same court dated March 2, 2007, imputed income to him, directed him to pay one half of the cost of his son’s private school education, and awarded the plaintiff a share of his pension and deferred compensation. The defendant’s notice of appeal from the decision is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]).
Ordered that the judgment is affirmed insofar as appealed from, with costs.
The defendant claims that his counsel failed to produce any evidence in support of his claim that his medical condition affected his ability to earn postretirement income. This did not constitute an extraordinary circumstance which, in the context of civil litigation, is required to support a claim of ineffective as *532 sistance of counsel (see Matter of Ferrara v Ferrara, 52 AD3d 599 [2008], lv denied 11 NY3d 706 [2008]; Matter of Cichosz v Cichosz, 12 AD3d 598, 599 [2004]; Matter of Ketcham v Crawford, 1 AD3d 359, 361 [2003]; cf. Matter of Martin v Martin, 46 AD3d 1243 [2007]).
The Supreme Court’s finding that the defendant voluntarily retired for the purpose of decreasing his income and his consequent support obligation supported the imputation of income to him based on his actual income potential (see Spreitzer v Spreitzer, 40 AD3d 840 [2007]; Matter of Apgar v Apgar, 37 AD3d 598 [2007]; Nebons v Nebons, 26 AD3d 478 [2006]; Matter of Barrow v Hammond, 305 AD2d 496 [2003]). The record supports the court’s directive that the defendant share the cost of private schooling for the parties’ son (see Marin v Marin, 283 AD2d 615 [2001]; Chan v Chan, 267 AD2d 413 [1999]).
The plaintiff’s contributions to the marriage, including her sacrifice of her career in order to be a full-time at-home parent to the parties’ child, and her contribution of the proceeds of her 401 (k) plan to pay for household repairs and improvements, justify the award of a share of the marital portion of the defendant’s pension and deferred compensation (see Majauskas v Majauskas, 61 NY2d 481 [1984]; Koeth v Koeth, 309 AD2d 786 [2003]). Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.