■ In the Matter of PETRA KANDUS, Appellant, v RICARDO FORLENZA, Respondent. (Proceeding Nos. 1 and 2.) In the Matter of RICARDO FORLENZA, Respondent, v PETRA KANDUS, Appellant. (Proceeding Nos. 3 and 4.) [972 NYS2d 909]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much an order of the Family Court, Westchester County (Greenwald, J.), dated June 26, 2012, as directed the parties to share equally the responsibility of paying the fees

of the attorney for the children, subject to reallocation at trial, (2) from an order of the same court dated June 27, 2012, (3) from an order of the same court dated August 15, 2012, and (4), as limited by her brief, from so much of an order of the same court dated December 14, 2012, as, after a hearing, in effect, denied her petition to modify the visitation provisions set forth in a separation agreement dated May 17, 2005, which was incorporated but not merged into the parties' judgment of divorce dated January 2, 2007.

Ordered that, on the Court's own motion, the notice of appeal from the order dated June 26, 2012, is deemed an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the appeal from the orders dated June 27, 2012, and August 15, 2012, are dismissed as abandoned; and it is further,

Ordered that the orders dated June 26, 2012, and December 14, 2012, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The record does not support a finding that it was inappropriate or inequitable to require the parties to share equally the responsibility of paying the fees of the attorney for the children. Moreover, at the hearing on the parties' petitions, the mother failed to request either a reallocation of the parties' responsibility for fees for the attorney for the children or a hearing on the matter (cf. Adinolfi v Adinolfi, 168 AD2d 401, 402 [1990]).

Under the circumstances of this case, the Family Court properly, in effect, denied the mother's petition to modify the visitation provisions set forth in the parties' separation agreement, and it is unnecessary to remit the matter to the Family Court for further proceedings thereon. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.