Chamberlain v Chamberlain (2020 NY Slip Op 02061)





Chamberlain v Chamberlain


2020 NY Slip Op 02061


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2016-07767
 (Index No. 28483/99)

[*1]Karen Elizabeth Chamberlain, appellant,
v
Mark Henry Chamberlain, respondent.


Lee R. Pearlman, Centereach, NY (Mitchell L. Perry of counsel), for appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated June 9, 2016. The order, insofar as appealed from, after a hearing and upon granting, on consent, that branch of the defendant's motion which was to modify custody of the parties' children by awarding him sole custody, directed the plaintiff to pay the defendant monthly child support in the amount of $961 based on imputed annual income of $50,000 retroactive to August 28, 2012, and related child support arrears in the principal amount of $42,284, and directed the plaintiff to pay 50% of the fees of the attorneys for the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this post-divorce matrimonial action, the defendant moved to modify custody of the parties' two children so as to award him sole custody. By order dated August 28, 2012, the Supreme Court temporarily transferred full physical and residential custody of the children to the defendant. During a hearing on the defendant's motion, the plaintiff consented to the custody change. By order dated June 9, 2016, the court, upon the plaintiff's consent, awarded sole custody of the parties' children to the defendant and awarded him child support. In awarding child support, the court imputed $50,000 in annual income to the plaintiff. The court also directed the plaintiff to pay child support arrears retroactive to the date custody was temporarily transferred to the defendant, as well as 50% of the fees of the attorneys for the children. The plaintiff appeals.
Contrary to the plaintiff's contention, the record supports the Supreme Court's imputation of income to her. In determining a parent's child support obligation, "[a] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Duffy v Duffy, 84 AD3d 1151, 1151-1152 [internal quotation marks omitted]; see Matter of Weissbach v Weissbach, 169 AD3d 702, 703). Here, the court's imputation of income was supported by the evidence presented, including, inter alia, the prior imputation of income to the plaintiff in the divorce action, and her own testimony that she had earned over $56,000 in annual income the year the defendant moved to modify custody.
"A party's child support obligation is retroactive to the date the application was first made" (Harrison v Harrison, 255 AD2d 490, 490; Miklos v Miklos, 9 AD3d 397, 399). Under the circumstances presented herein, we agree with the Supreme Court's determination awarding the defendant child support retroactive to the date custody of the children was transferred from the [*2]plaintiff to him in August 2012 (see Shapiro v Shapiro, 35 AD3d 585, 587).
The record does not support a finding that it was inappropriate or inequitable to require the parties to share equally the responsibility of paying the fees of the attorneys for the children (see Matter of Kandus v Forlenza, 110 AD3d 885, 886).
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court