Yentis v Yentis (2025 NY Slip Op 07121)

Yentis v Yentis

2025 NY Slip Op 07121

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Scarpulla, González, Higgitt, JJ. 

Index No. 311141/14|Appeal No. 5418&M-05504|Case No. 2025-00993|

[*1]Mara Yentis, Plaintiff-Respondent-Appellant,
v
Adam Yentis, Defendant-Appellant-Respondent.

David E. Schorr, New York, for appellant-respondent.
Quatela Chimeri PLLC, Hauppauge (Christopher J. Chimeri of counsel), for respondent-appellant.

Amended order, Supreme Court, New York County (Ta-Tanisha D. James, J.), entered on or about January 21, 2025, which, to the extent appealed from as limited by the briefs, granted defendant husband's motion to the extent of awarding him $19,637.19, with statutory interest, denied his request for monetary sanctions in the form of counsel fees, declined to award him statutory interest on the $193,911.27 for his equitable share of the parties' retirement accounts, and granted plaintiff wife's cross-motion to the extent of referring the issue of unpaid children's expenses and add-ons, including college expenses, as well as counsel fees, to a special referee for a hearing and report, unanimously modified, on the law and the facts, to limit the scope of the special referee's fact-finding hearing to the children's expenses and statutory add-ons incurred after the entry of the judgment of divorce, remand the matter for a determination of the calculation of interest on the distributive award of $193,911.27 owed to the husband, and otherwise affirmed, without costs.
The court properly directed entry of a judgment in the amount of $19,637.19, with interest, in favor of the husband. Although a significant amount of time has passed since the wife filed her election to proceed with the buyout, none of the prior orders imposed a specific deadline by which she was required to complete the refinancing process. The court also correctly declined to credit the husband with $2,195.78 for the August 2023 payment, as his claim that he either had made or intended to make the payment was unsupported by any proof of actual payment.
The motion court should have awarded interest on the distributive award of $193,911.27 from the date of the December 19, 2019 order until the entry of the 2021 judgment of divorce (see CPLR 5002; Aloi v Simoni, 82 AD3d 683, 686 [2d Dept 2011]), and from the entry of judgment to the date of payment on January 8, 2024 (see CPLR 5003; Gold v Gold, 276 AD2d 587, 589-590 [2d Dept 2000]). Accordingly, the issue is remanded for the calculation of the interest owed.
The court providently exercised its discretion in declining to impose sanctions on the wife or her counsel pursuant to 22 NYCRR 130-1.1. The wife's belated compliance with the rollover order and failure to comply with the order concerning the distribution of jewelry do not constitute frivolous conduct warranting sanctions under 22 NYCRR 130-1.1 (see Eggert v GCD Rec. Studios, 90 AD3d 425 [1st Dept 2011]). While her actions were less than prompt, they do not rise to the level of willful delay, harassment, or intent to maliciously injure, particularly because none of the relevant orders set a specific deadline for compliance.
We modify the order to limit the scope of the special referee's fact-finding hearing to the children's expenses and statutory add-ons incurred after the entry of the judgment of divorce. On a prior appeal, this Court considered and rejected the wife's assertion that the motion court erred in failing to award her one-half of the children's expenses and add-ons incurred pre-judgment (see Yentis v Yentis, 218 AD3d 418 [1st Dept 2023]). Our resolution of the issue constitutes the law of the case (see Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]).
Contrary to the husband's contention, the court properly referred the issue of the parties' older child's college expenses to the special referee. The wife submitted proof that she paid the child's college expenses and provided the husband with timely notice of those costs. Based on the record before this Court, it is impossible to ascertain what, if any, discussions occurred among the parents and the child regarding the college selection, and the matter was therefore appropriately referred to the special referee for a hearing.
Since neither the judgment of divorce nor the subsequent orders set forth a distributive award or contain a money judgment concerning the children's expenses and add-ons, the wife failed to demonstrate her entitlement to postdecision or postjudgment interest at this juncture (see Parkoff v Parkoff, 195 AD3d 936, 941 [2d Dept 2021]).
As to the issue of the second installment of the counsel fee award, the issue is not properly before this Court. The wife's notice of cross-motion, dated September 13, 2023, did not seek any affirmative relief with respect to the second $62,500 payment.
 M-2025-05504 Maria Yentis v Adam Yentis Motion to strike plaintiff's reply brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025