■ JOHN SHEN, Appellant-Respondent, v HUILAN JEN, Respondent-Appellant.—Judgment of the Supreme Court, New York County (Francis N. Pecora, J.), entered January 6, 1986, which, *inter alia,* found a valid marriage to exist between the parties and granted defendant wife a divorce on the grounds of cruel and inhuman treatment, is unanimously modified, on the law and facts, to include in the equitable distribution of the marital assets the value of the Bayard Street cooperative apartment, and the matter is remanded for a hearing on such value, to be included in the defendant wife's award, at the percentage set by the trial court in the equitable distribution, and otherwise affirmed, without costs or disbursements.

The record indicates that the court was informed during the trial that plaintiff husband had bought the apartment where he and defendant had lived together and that it constituted marital property. However, this asset was not included in the plaintiff's statement of net worth and the court did not take it into consideration in its award. Since it had been used jointly as marital home and office since 1972 and plaintiff purchased it at the "insider's" price, the market value of this apartment should have been ascertained and included in the marital assets as to which the court made an equitable distribution.

We have examined the remaining contentions made by the parties and find them to be without merit. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.