■ JOHN SHEN, Appellant, v HUILAN JEN, Respondent.— Order, Supreme Court, New York County (Walter Schackman, J.), entered, on or about May 2, 1990, which, upon remand by order of this Court for a valuation hearing with respect to certain marital property, awarded the defendant the sum of $34,250 as an equitable distributive share of the parties' Bayard Street cooperative apartment, unanimously affirmed, with costs.

This Court previously modified the judgment of divorce granted defendant on the grounds of cruel and inhuman treatment "to include in the equitable distribution of the marital assets the value of the Bayard Street cooperative apartment" and remanded the matter "for a hearing on such value, to be included in the defendant wife's award, at the percentage set by the trial court in the equitable distribution". (Shen v Jen, 134 AD2d 182, lv dismissed 72 NY2d 840.)

We find that, upon remand, the IAS Court did not abuse its discretion in utilizing July 13, 1988, the date of sale for the parties' Bayard Street cooperative apartment, when the property was valued at $220,000, rather than the time of trial in

July of 1985, as the valuation date of the parties' marital asset for equitable distribution purposes. As plaintiff concedes, Domestic Relations Law § 236 (B) (4) (b), directing the court to value marital property either at the time of the commencement of the action or on the date of trial, is inapplicable to the underlying action which was commenced prior to the effective date of the statutory enactment. Moreover, courts have concluded that "there can be no strict rule mandating the use of a particular valuation date and that a trial court must have the discretion to select a date appropriate to the case before it in light of the particular circumstances presented" *(Wegman v Wegman,* 123 AD2d 220, 234, *mot to amend remittitur granted* 123 AD2d 238).

Here, where the record establishes that there was a marked appreciation in the value of the property between the time of trial and the date of sale by the plaintiff, and that the date of sale occurred shortly before the valuation hearing directed by this Court, we find that the trial court utilized the fairest date in fixing the value of the parties' marital property *(Patelunas v Patelunas,* 139 AD2d 883, 884).

We reject, however, plaintiff's belated attempt on the present appeal to relitigate the November 12, 1987 determination of this Court that the parties' Bayard Street cooperative apartment constituted a marital asset for inclusion in the defendant's equitable distribution award *(Shen v Jen,* 134 AD2d 182, *supra).*

We have considered the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.