■ ROBERT F. SMERLING, Appellant-Respondent, v JUNE SMERLING, Respondent-Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered October 9, 1990, which, *inter alia,* denied plaintiff's motion for credit for support payments made pursuant to an interim support order, and supplemental judgment of the same court and Justice, which, *inter alia,* equitably distributed the marital estate, are unanimously affirmed, without costs.

The parties were married on April 19, 1959, when the plaintiff husband was 23 and defendant wife 22. They had two children—Robyn, born in 1960, and Marc, born in 1962. During the marriage, plaintiff acquired a substantial ownership interest in motion picture theatres, owning or controlling a total of 82 in 1986, which enabled the parties to enjoy a lavish standard of living. They acquired a 15 room residence on 3.39 acres in Harrison, New York, collected horses, owned expensive cars, employed domestic help, expended vast sums on clothing, dined out 5 nights a week, vacationed in the Caribbean and the Hamptons, and entertained on their 36 foot yacht.

Plaintiff left the marital home in March 1984, and commenced this action for divorce in October 1984. The main issue at trial was the valuation and distribution of the proceeds of the sale of the movie chain Cinema National, of which plaintiff owned 76%. The chain was sold in 1986, during the pendency of the action, with plaintiff receiving net cash proceeds of $3,436,132.00. The trial court found that expert testimony as to the 1984 value of the company was speculative, and thus applied the actual sale proceeds, distributing 60% to plaintiff and 40% to defendant. All remaining assets, except the marital residence, which was awarded to defendant, were valued as of the commencement of the action, and divided equally.

The valuation of the company at the time of sale, rather than the time of commencement of the action, was contrary to the general rule and the understanding of the parties. As this Court has recently observed, the value of an active asset, which would undoubtedly include a chain of movie theatres, should generally be calculated as of the time of the commencement of the action: "As to the valuation of the shares, courts have consistently recognized that assets such as unde-

veloped real estate or mutual funds, which appreciate in value strictly as a result of random market fluctuations or the efforts of others, constitute passive assets, while assets that appreciate due to the efforts of the titled spouse are active * * * Passive assets should generally be valued as of the trial date so as to prevent a windfall to the titled spouse if the asset has increased in value; active assets should generally be valued as of the commencement date of the action in order to benefit the titled spouse, since any appreciation in value is the product of that spouse's labors. *(See, Wegman v Wegman,* 123 AD2d 220, 234, 236.)" *(Greenwald v Greenwald,* 164 AD2d 706, 716, *lv denied* 78 NY2d 855.)

Despite the general rule, it is recognized that "a trial court must have the discretion to select a date appropriate to the case before it in light of the particular circumstances presented." *(Wegman v Wegman, supra,* at 234; *see, Shen v Jen,* 176 AD2d 157) Here, due to the speculative nature of the value ascribed to the movie chain in 1984, the trial court did not abuse its discretion in valuing it as of the date of sale. While there was evidence that plaintiff enhanced the value of the chain by eliminating "losing" theatres and expanding more lucrative ones, the increase in value was never quantified by plaintiff's expert. Moreover, plaintiff's expert testified that the value of the business was 3 times the adjusted cash flow in 1984, and 4 times the adjusted cash flow in 1986. As the adjusted cash flow was in fact *greater* in 1984 than in 1986, it is clear that the increase in the value of the business was primarily due to market conditions, thus undermining the rationale for valuing the asset as of the date of commencement, as noted in *Greenwald (supra).*

We have considered the remaining arguments, including those raised on defendant's cross-appeal, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.