■ JUDY A. BREESE, Appellant, v PETER E. BREESE, Respondent. [681 NYS2d 606] —In an action for a divorce and ancillary relief, the plaintiff appeals from so much of (1) an order of the Supreme Court, Westchester County (Barone, J.), entered March 19, 1998, as, upon granting reargument of the defendant's motion to set the valuation date of a marital asset, adhered to its prior determination made in an order entered January 22, 1998, setting the valuation date as the date the action was commenced, and (2) an order of same court, entered May 29, 1998, as, upon renewal, adhered to its prior determination.

Ordered that the appeal from the order entered March 19, 1998, is dismissed, as that order was superseded by the order entered May 29, 1998, made upon renewal; and it is further,

Ordered that the order entered May 29, 1998, is reversed insofar as appealed from, and, upon renewal of the branch of the defendant's motion which was to set the valuation date of the Breese Development Corporation, the provision setting the valuation date as the date of the commencement of the action is vacated and the valuation date of the Breese Development Corporation is set as the date of trial, and the orders entered January 22, 1998, and March 19, 1998, which, inter alia, set the valuation date as the date of commencement of the action are amended accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

At issue on this appeal is the proper valuation date for a marital asset, the Breese Development Corporation (hereinafter the BDC) (see, Domestic Relations Law § 236 [B] [4] [b]). We find that the Supreme Court improvidently exercised its discretion in ordering that the BDC be valued as of the date of commencement of this action rather than the date of trial.

On the record presented, the value of the BDC appears to be essentially that of the real property which it owns. In support of his motion to set the valuation date of the BDC as the date

of commencement of this action in 1983, the defendant husband failed to proffer evidence in support of his assertion that any change in the value of the BDC was due solely to his efforts, rather than to, for example, market forces (*see, Zelnik v Zelnik,* 169 AD2d 317; *Siegel v Siegel,* 132 AD2d 247). Nor did he proffer any evidence that the value of the BDC may not be determined separate and apart from a towing business he operates on property owned by the BDC. Thus, upon consideration of all of the relevant facts and circumstances, the BDC should be valued as of the date of trial (*see, McSparron v McSparron,* 87 NY2d 275; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534; *Wegman v Wegman,* 123 AD2d 220). This does not preclude either party from presenting evidence at trial of any efforts which affected the value of the BDC for purposes of equitable distribution (*see, e.g., Cincotta v Cincotta,* 221 AD2d 306; *Butler v Butler,* 171 AD2d 89). Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.