■ KATHRYN F. McMANUS, Respondent, v DANIEL McMANUS, Appellant. [723 NYS2d 165] —Order, Supreme Court, New York County (Marjory Fields, J.), entered November 30, 2000, which, to the extent appealed from as limited by the brief, declared that defendant's 70% interest in McManus & Clark, Inc. should be valued based upon the per-share price paid to defendant's brother when defendant purchased said brother's 30% interest, unanimously affirmed, without costs.

Since the redemption by defendant of his brother's minority interest in McManus & Clark, Inc. occurred approximately eight months subsequent to the parties' retention of the consulting firm to determine the fair market value of defendant's business interest in the corporation, and defendant failed to provide the consulting firm with all of the requested information pertaining to his redemption of his brother's shares, the court properly exercised its discretion in finding that the appraisal method employed by the consulting firm was a less precise measure of the value of the corporation than the per-share price paid to defendant's brother in August 1998, and in declaring the latter to be the value of defendant's 70% interest in McManus & Clark, Inc. for equitable distribution purposes (see, Smerling v Smerling, 177 AD2d 429; Heine v Heine, 176 AD2d 77, lv denied 80 NY2d 753). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.