(September 24, 2001)

■ PAMELA BARBUTO, Appellant-Respondent, v JOHN BARBUTO, Respondent-Appellant. [730 NYS2d 532] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered February 9, 2000, as, after a nonjury trial, awarded the defendant the sum of $45,000, representing 50% of the plaintiff's enhanced earning capacity resulting from her attainment of an associate's degree, valued certain investment accounts as of the date of the commencement of the action, rather than as of the date of trial, and denied her application for an award of an attorney's fee without a hearing, and the defendant cross-appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff 50% of his pension benefits and one-half of the value of a down payment made on certain real property.

Ordered that the judgment is modified by (1) deleting from the fifth decretal paragraph thereof the provision awarding the defendant the sum of $45,000, representing 50% of the plaintiff's enhanced earning capacity, and substituting therefor a provision awarding the defendant the sum of $27,000, representing 30% of the plaintiff's enhanced earning capacity, and (2) deleting the provisions thereof valuing certain investment accounts as of the date of the commencement of this action, and substituting therefor provisions directing that those accounts be valued as of the date of trial; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith and the entry of an amended judgment.

The parties were married in 1969. They had three daughters, all of whom were emancipated at the time of trial. In August 1985 the defendant husband, then a police officer, vacated the marital home. The defendant testified that from 1985 until 1993 he continued to pay various expenses related to the marital home and incurred by the plaintiff wife and their daughters, and permitted the plaintiff to retain all rental income generated by the marital home (a two-family home). According to the defendant, the expenses included expenses related to the plaintiff's attainment of an associate's degree from Nassau Community College in 1989, pursuant to which she became an assistant physical therapist. The plaintiff, while not denying that the defendant paid certain expenses, testified that her household was sustained because she continued to work, she received loans and scholarships for her education, and she received financial and other aid from her parents. In January 1991 the defendant retired from the police force at the age of 43 after 20 years of service. In 1994, the plaintiff commenced this action for divorce and ancillary relief. The plaintiff and the defendant each appeal from stated portions of the judgment of divorce.

The defendant argues that the Supreme Court erred in awarding the plaintiff a 50% interest in his pension. Rather, he asserts, she is entitled to no portion of the same. We disagree.

A pension, as here, earned during a marriage and prior to the execution of a separation agreement or the commencement of a matrimonial action, is marital property subject to equitable distribution (*see, Olivo v Olivo,* 82 NY2d 202; Domestic Relations Law § 236 [B] [1] [c]). There is no inequity in the Supreme Court's award to the plaintiff of a 50% interest in the

pension. The parties lived together in the same household for almost 15 (i.e., October 1970 to August 1985) of the 20 years during which the pension accrued. Thus, the only period to be scrutinized is that from August 1985 to January 1991, the period during which a portion of the pension accrued after the defendant vacated the marital home. Contrary to the defendant's contention on appeal, the record does not support his assertion that the parties' partnership became "one-way" (in the plaintiff's favor) during this period, and that the plaintiff made no contributions to his career or assets. Significantly, for example, in addition to sharing the expense, the plaintiff devoted the time and effort needed to raise the parties' three daughters (*see, Verrilli v Verrilli,* 172 AD2d 990; *Greenwald v Greenwald,* 164 AD2d 706). Further, she maintained the marital home, the net value of which was divided equally between the parties. Indeed, the defendant, in support of his claim that he was entitled to a portion of the plaintiff's enhanced earning capacity arising from her attainment of an associate's degree in 1989, endeavored to prove that he remained involved with his family, including regular visits to the former marital home through at least 1988, and there was testimony that the parties continued to cooperate on the payment of the college-related expenses of their daughters into the 1990's. Finally, the defendant failed to prove that the plaintiff orally agreed to waive her right to any portion of his pension in exchange for his financial aid in helping her attain an associates degree and, in any event, such an agreement would not be enforceable (*see,* Domestic Relations Law § 236 [B] [3]; *Matisoff v Dobi,* 90 NY2d 127). In sum, the Supreme Court providently exercised its discretion in awarding the plaintiff a 50% share of the defendant's pension (*see, Pelletier v Pelletier,* 242 AD2d 325).

Further, although the plaintiff's enhanced earning capacity arising from her attainment of an associate's degree during the marriage was an asset subject to equitable distribution (*see, Duspiva v Duspiva,* 181 AD2d 810; *Morimando v Morimando,* 145 AD2d 609), the record does not support an award to the defendant of 50% of such amount. Rather, in light of all of the relevant facts and considerations, including the defendant's limited role in the wife's attainment of the degree, an award to the defendant of 30% of the plaintiff's enhanced earning capacity is equitable (*see, Gold v Gold,* 276 AD2d 587).

The Supreme Court also improvidently exercised its discretion in valuing certain investment accounts as of the date of commencement of the action rather than as of the date of the trial (*see,* Domestic Relations Law § 236 [B] [4] [b]; *McSparron*

*v McSparron,* 87 NY2d 275; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534). The defendant failed to prove that any change in the value of such accounts prior to trial was due solely to his efforts, rather than, for example, to market forces (*see, Grunfeld v Grunfeld,* 94 NY2d 696; *Price v Price,* 69 NY2d 8; *Breese v Breese,* 256 AD2d 433; *Trivedi v Trivedi,* 222 AD2d 499; *Greenwald v Greenwald,* 164 AD2d 706). Thus, the appreciation in the value of the assets was passive in nature (*see, McSparron v McSparron, supra*). In light of all of the relevant facts and considerations, the accounts should be valued as of the date of trial (*see, McSparron v McSparron, supra*).

In light of the circumstances of this case and of the parties, including the financial circumstances of the parties, which were covered extensively at the trial, the Supreme Court providently exercised its discretion in denying the plaintiff's request for an award of an attorney's fee (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; Domestic Relations Law § 237). Given such a determination, there was no need for a hearing to ascertain the reasonable value of such services (*see, Petek v Petek,* 239 AD2d 327).

The defendant's remaining contention lacks merit. Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.