■ Sheila Scharfman, Appellant, v Mark Scharfman, Respondent. [800 NYS2d 175]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 27, 2004, as granted the defendant's motion to set the date of the commencement of the action, agreed by the parties to be June 1, 2001, as the valuation date for the parties' business entities and properties and denied that branch of her cross motion which was to set the date of trial as the valuation date.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

At issue on this appeal is the proper valuation date for marital assets consisting of 85 operating entities which in turn own more than 100 residential rental real estate properties (hereinafter the Properties) located in the New York metropolitan area (*see* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron,* 87 NY2d 275, 287-288 [1995]). The Supreme Court improvidently exercised its discretion in determining that the Properties be valued as of the date of commencement of the action.

In support of his motion to set the valuation date of the Properties as the date of commencement of this action, agreed by the parties to be June 1, 2001, the defendant failed to proffer evidence in support of his assertion that any change in the value of the Properties since that time was due solely to his efforts rather than to other factors, including market forces (*see Barbuto v Barbuto,* 286 AD2d 741 [2001]; *Breese v Breese,* 256 AD2d 433 [1998]; *Marcus v Marcus,* 137 AD2d 131, 137 [1988]; *Wegman v Wegman,* 123 AD2d 220 [1986]; *cf. Grunfeld v Grunfeld,* 94 NY2d 696, 708 [2000]; *Fox v Fox,* 309 AD2d 1056 [2003]; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534, 535 [1994]).

Where there are factual disputes involving ownership and management of the Properties that need to be resolved by the court, the selection of a valuation date was premature (*see Enzein v Enzein,* 149 AD2d 783 [1989]; *Stern v Stern,* 5 Misc 3d 1027 [A], 2004 NY Slip Op 51591[U] [2004]).

Our determination does not preclude either party from proffering evidence at trial of their efforts which affected the appreciation of the Properties (*see Breese v Breese, supra).*

The parties' remaining contentions are without merit. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.