*870 OPINION OF THE COURT
William J. Giacomo, J.
Domestic Relations Law § 236 (B) (4) (b) provides that:
“As soon as practicable after a matrimonial action has been commenced, the court shall set the date or dates the parties shall use for the valuation of each asset. The valuation date or dates may be anytime from the date of commencement of the action to the date of trial.”
Generally, assets that are “active,” i.e., those whose value appreciates or depreciates as “the product of [the titled] spouse’s labors,” should be valued as of the commencement date of the action, while “passive” assets, i.e., those whose change in value is due to market conditions or other influences, should be valued as of the trial date (Greenwald v Greenwald, 164 AD2d 706, 716 [1st Dept 1991], lv denied 78 NY2d 855 [1991]; Trivedi v Trivedi, 222 AD2d 499, 499 [2d Dept 1995]; Soule v Soule, 252 AD2d 768, 771 [3d Dept 1998]).
At the outset, one of the central questions in the trial of this action is which party has the burden of establishing the character of an asset as “active” or “passive,” which, in turn, will determine whether the postcommencement appreciation in value of the main asset to be distributed between the parties is defendant’s separate property. Based upon this court’s consideration of the limited authority on this issue, it concludes that the burden of proof is imposed upon the party claiming that the postcommencement increased value of an asset is separate property which is not subject to equitable distribution.
I. Factual and Procedural Background
In this divorce action involving a long-term marriage, defendant is the cofounder of a publicly-traded corporation named EVCI, which owns several for-profit colleges, including Interboro College in Queens, New York. He previously held the position of chief operating officer of EVCI, and at the time this action was commenced, he was an officer of the corporation as well as the chairman of its board of directors.
When this action was commenced, defendant held, in his name alone, 685,361 shares of EVCI stock and 349,963 stock options (together hereinafter the EVCI stock and options) that had been obtained during the parties’ marriage. In addition, defendant owned a substantial stock portfolio in an account maintained by Dain Rauscher Securities (the Dain Rauscher ac *871 count). It was agreed by the parties in the course of this litigation that the EVCI stock and options and the securities held in the Dain Rauscher account (hereinafter the Dain Rauscher stock) were marital property that is subject to plaintiffs equitable distribution claims.
On November 12, 2003, approximately six months after the action was commenced, defendant sold 300,000 shares of EVCI stock at $4 per share, resulting in his receipt of $1.2 million. Then, on April 2, 2004, less than one year after the commencement of this action, he sold another 310,000 shares of EVCI, at $11.50 per share, netting him a total of $3,565,00o.[1] After those sales (together hereinafter the two sales), defendant continues to own 75,361 shares of EVCI stock and all 349,963 stock options.
At the trial of this action conducted by this court between October 11, 2005 and December 13, 2005, the most significant issue in dispute was whether, and to what extent, plaintiff was entitled to share in the appreciation in the value of the EVCI stock and options and the Dain Rauscher stock (together hereinafter the stock assets). Defendant took the position that plaintiff was not entitled to any portion of the postcommencement appreciated value, while plaintiff claimed entitlement to an equal share of that appreciated value.
A directly related issue that then took on considerable importance was the valuation date for the stock assets. In particular, the parties differed on whether the valuation date should be the commencement date of the action, the date of trial or some date in between those two. The impact of the establishment of the valuation date is obvious; the value of the EVCI stock increased substantially within months after the action was commenced, as reflected by the prices at which defendant consummated the two sales.
Consequently, at the conclusion of plaintiffs case-in-chief at the trial of the action, defendant moved for an order establishing the commencement date as the valuation date for the stock assets. It is defendant’s position that each of these assets are “active” in nature, and, thus, they must be valued as of the commencement date. Although plaintiff maintains that the assets should be characterized as “passive,” and recognizes that *872 generally passive assets should be valued as close to the trial date as possible, she argues that in this case another date should be used which will best result in an equitable sharing of the gains from the two sales. In particular, she has proposed “that the date of valuation date . . . should be the date of the sale of 610,000 shares of stock during the action, and that the remaining shares of stock and stock options should be valued as of June 20, 2005,” which was a date used by plaintiffs financial expert in the course of preparing her report on the value of the stock assets, “or October 11, 2005,” which was the date on which the trial commenced (Farrauto letter submission at 10).
After hearing oral argument on defendant’s motion on November 4, 2005, the court directed the parties to address the issue of which, if either, party had the burden of proof with respect to the issue of the active/passive character of the stock assets. As directed by the court, the parties then submitted letter briefs.[2]
In his submissions, defendant contends that the burden rests upon plaintiff, as part of her burden to establish the base-line value of the assets. Plaintiff, in her response, argues that neither party has the burden of proof on this issue, because the establishment of a valuation date rests in the discretion of the trial court.
Upon consideration of the oral argument and the written submissions, the court rendered a decision from the bench rejecting both parties’ positions with respect to the burden of proof. Instead, the court ruled that defendant bears that burden because he is the party seeking to have the appreciation of his stock assets be determined as his separate property. After rendering that ruling, the court informed the parties that it would subsequently issue a written decision more fully discussing the burden of proof issue. Thus, the court now issues that decision.
II. Discussion
In Wegman v Wegman (123 AD2d 220, 230 [2d Dept 1986]), the Court addressed “what has been referred to as one of ‘the most perplexing and difficult problems created by the Equitable Distribution Law’ — the issue of the date to be used for the valuation of marital property.” In its analysis of the issue, the Court stated that:
*873 “one date frequently mentioned as a date to be utilized for valuation is that of the date of the commencement of the matrimonial action. The valuation date would, in most cases, then coincide both with the date at which marital property is identified and with the date at which a pension is valued. However, the rule could lead to injustice if the asset has significantly increased or decreased in value between the date of commencement and the date of trial of the action. If an asset increases in value due to market forces or inflation, valuation as of the date of commencement of the action would result in a windfall to the titled spouse and injustice to the other. If the asset greatly decreased in value, as would be the case, for example, if a closely held corporation lost a major customer, a court which values assets at the date of commencement of the action might make a distributive award that is beyond the owner spouse’s ability to pay. A rule requiring valuation at the time of trial could be equally unworkable. In some cases, practical problems could arise if proof of value at the date of trial is unavailable. Injustice could result if the value of an asset significantly decreased after commencement of the action due to wasteful dissipation or other fault of the owner spouse. In this type of circumstance, it might be unfair to, in effect, force the blameless spouse to share a portion of the loss. An asset such as, for example, a business, might suddenly appreciate in value due solely to the efforts of the owner spouse. If a considerable period of time has elapsed since the date of commencement or the date of separation, the court might be justified in establishing a valuation date earlier than the date of trial. A ‘fixed valuation date can never obviate all ills, depending upon what side of the fence one may position himself.’ ” (123 AD2d at 234, supra [citations omitted].)
Recognizing the difficulty involved in attempting to establish a fixed date for valuing assets, the Wegman court “concluded that there can be no strict rule mandating the use of a particular valuation date and that a trial court must have the discretion to select a date appropriate to the case before it in light of the particular circumstances presented” (ibid.).
Courts struggling with the appropriate valuation date for assets further distilled the analysis, arriving at the “active” versus *874 “passive” characterization of assets. Thus, as recognized in Ferraioli v Ferraioli (295 AD2d 268, 270 [1st Dept 2002], citing Greenwald v Greenwald, supra): “Assets subject to equitable distribution may be classified as either ‘active’ or ‘passive’ for purposes of determining the appropriate date of valuation with the former valued as of action commencement and the latter valued as of the trial date.”[3]
While the distinction between active and passive assets has been repeatedly discussed, and the proper characterization of a particular class of asset as either active or passive has often been explained, the question of which, if either, party in a matrimonial action bears the burden of establishing the proper valuation date has not been made similarly clear. Hence, in this case, relying upon the Wegman court’s holding that the trial court has the discretion to determine the appropriate valuation date for a particular asset “in light of the particular circumstances presented” (123 AD2d at 234, supra), plaintiff, as noted, argues that neither party carries that burden.
The court disagrees with plaintiff because her position confuses the determination of the active/passive character of the asset with the ultimate determination of the appropriate valuation date. Certainly, after Wegman, it is this court’s obligation to set the valuation date for an asset using its discretion after fully considering all of the relevant facts presented by the parties. That discretion, however, may only be properly exercised by a trial court after it has determined whether a particular asset is active or passive (cf. McMahon v McMahon, 187 Misc 2d 364, 366 [Sup Ct, NY County 2001] [“Once an asset has been characterized as marital, the court has broad discretion to value *875 the asset as of any date from the commencement of the action until the date of trial”]). That conclusion does not run counter to Wegman because, even after determining whether an asset is active or passive, the trial court may nonetheless conclude that the most appropriate valuation date for a particular asset is a date other than the date of commencement of the action or the date of trial (see e.g. Smerling v Smerling, 177 AD2d 429, 430 [1st Dept 1991] [notwithstanding that the asset, a movie chain, was active in nature, “due to the speculative nature of the value ascribed to the movie chain (when the action was commenced), the trial court did not abuse its discretion in valuing it as of the date of sale”]). Nevertheless, in the first instance, a burden exists upon one of the parties to establish whether an asset is active or passive, so that the court may consider that fact in reaching its ultimate conclusion as to the date to be selected in the exercise of its discretion.
Although the cases cited by the parties and found by the court do not specifically hold that one of the parties bears this burden of proof, a review of decisions from two departments of the Appellate Division supports the position that defendant at bar has that burden because he is the party seeking to have certain property, i.e., the increased value of the stock assets, determined to be his separate property.
For example, in Scharfman v Scharfman (19 AD3d 474 [2d Dept 2005]), the Second Department reviewed a trial court decision granting the defendant husband’s motion to set the commencement date of the action as the valuation date for “marital assets consisting of 85 operating entities which owned more than 100 residential rental real estate properties” (id. at 475). There, it was held that the trial court’s ruling was error because “defendant failed to proffer evidence in support of his assertion that any change in value of the [properties since [the date of commencement of the action] was due solely to his efforts rather than to other factors, including market forces” (id. [emphasis added]).
A similar approach was taken by the Third Department in Harrington v Harrington (300 AD2d 861, 864 [3d Dept 2002]). In that case, the reviewing Court determined that the trial court correctly set the valuation date of defendant husband’s 401 (k) retirement account as the date of trial because, “[w]hile defendant contended that the increases in such account were due to his sole efforts and income, he failed to proffer sufficient evidence to demonstrate that he actively managed the fund during that period” (id. [emphasis added]).
*876 In both Scharfman and Harrington, what was fatal to the request to have the date of commencement set as the valuation date of an asset was the titled spouse’s failure to prove the active character of the asset.[4] Implicit in those determinations is that the party seeking to have an asset valued at a particular date because of its passive or active character bears the burden of proving that the asset has that character.
Notably, this approach is consistent with the case law which places the burden of establishing that an asset is separate property not subject to equitable distribution upon the party who seeks to retain the asset as his or her separate property (Seidman v Seidman, 226 AD2d 1011, 1012 [3d Dept 1996] [“the party seeking to establish that a particular item is indeed separate property bears the burden of proof in this regard”]; LeRoy v LeRoy, 274 AD2d 362, 362 [1st Dept 2000] [same]). As in such an instance, a party arguing for a determination that an asset is active, and, thus, should be valued as of the commencement of the action, who also seeks a ruling that any postcommencement increase in the value of that asset is his separate property, should similarly shoulder the burden of proving the active character of that asset.
In an effort to avoid that conclusion, defendant at bar maintains that the party seeking a share of the appreciation in the value of an asset must establish the passive character of the asset as part of her burden of proving the value of the asset. This argument is unpersuasive, as it confuses two separate burdens of proof.
Certainly, as the nontitled spouse, plaintiff at bar bears the burden of proving the value of the asset in which she seeks to share (Iwahara v Iwahara, 226 AD2d 346, 347 [2d Dept 1996]). *877 That does not mean, however, that it is necessary for her to establish the passive character of the asset. Rather, in this case, she must be prepared to offer proof of the value of the stock assets as of the date determined to be the appropriate valuation date (see id.). That need for proof of value does not relieve defendant of the burden of proving the separate character of the appreciated value of the assets (Seidman v Seidman, supra). Nor does it free him of the obligation of proving that the stock assets are active and not passive assets. Indeed, any such view would be wholly inconsistent with Scharfman (supra), since there would have been no need to discuss the titled spouse’s failure of proof in that case if the nontitled spouse had the burden of proof with respect to the passive/active character of the asset as part of her burden of establishing that asset’s value. Thus viewed, defendant’s effort to shift the burden of proof to plaintiff at bar is unavailing.
III. Conclusion
Without reaching the related question of whether the defendant at bar, as the party seeking to fix the commencement date as the valuation date, must prove that his efforts were the sole cause of the appreciation in the value of the stock assets,[5] this court concludes that he has the burden of proving that those assets are active and not passive in character, such that the court should set the valuation date as the commencement date of the action.
Because that burden rests upon defendant, and he had yet to complete his presentation of his case when he moved for the establishment of the valuation date, his motion for an order fixing the commencement date as the valuation date with respect to his EVCI stock and options and the securities in his Dain Rauscher account is denied as premature (see Scharfman v Scharfman, 19 AD3d at 475, supra [“Where there (we)re factual disputes involving ownership and management of the (assets) that need(ed) to be resolved by the court, the selection of a *878 valuation date was premature”]). Upon the completion of all testimony in the action, and as part of its decision as to the economic issues in dispute, the court shall determine the appropriate valuation date for the stock assets.[6]

. The November 12, 2003 sale was made without plaintiffs consent and in violation of an interim order limiting the transfer of the parties’ assets. In order to obtain plaintiffs consent to consummate the April 2, 2004 sale, defendant agreed to pay her the sum of $100,000.

. On November 7, 2005 the court received a letter brief from defendant, a second one from plaintiff, and a third one in the nature of a reply from defendant.

. In McSparron v McSparron (87 NY2d 275 [1995]), the Court of Appeals cautioned that:
“In attempting to select a suitable valuation date, some courts have drawn a distinction between ‘active’ assets (i.e., those whose value depends on the labor of a spouse) and ‘passive assets’ (i.e., those whose value depends only on market conditions). These courts have concluded that ‘active’ assets should be valued only as of the date of the commencement of the action, while the valuation date for ‘passive’ assets may be determined more flexibly. Such formulations, however, may prove too rigid to be useful in particular cases. Thus, they should be regarded only as helpful guideposts and not as immutable rules of law.” (87 NY2d at 287-288 [citations omitted].)
Notwithstanding that admonition, the Appellate Division and the trial courts continue to regularly turn to the active/passive analysis in determining the most appropriate valuation dates for assets.

. The Second Department has consistently taken this approach in its review of valuation dates set by trial courts based upon the active or passive character of an asset (see Barbuto v Barbuto, 286 AD2d 741, 743-744 [2d Dept 2001] [“The Supreme Court also improvidently exercised its discretion in valuing certain investment accounts as of the date of commencement of the action rather than as of the date of the trial” where “(t)he defendant failed to prove that any change in the value of such accounts prior to trial was due solely to his efforts, rather than, for example, to market forces”] [emphasis added; citations omitted]; see also Breese v Breese, 256 AD2d 433, 433-434 [2d Dept 1998] [“the Supreme Court improvidently exercised its discretion in ordering that the (corporation) be valued as of the date of commencement of this action rather than the date of trial” because “the defendant husband failed to proffer evidence in support of his assertion that any change in the value of the [corporation] was due solely to his efforts, rather than to, for example, market forces”] [emphasis added]).

. Relying upon several decisions set forth in her letter submission, including Stern v Stern (5 Misc 3d 1027[A], 2004 NY Slip Op 51591[U] [Sup Ct, NY County 2004]), plaintiff argues that as the titled spouse attempting to insulate the appreciation in the value of the stock assets from her equitable distribution claims, defendant must prove that his active role in the operation of EVCI and his management of the Dain Rauscher account were solely responsible for the increase in value of the stock assets. That issue shall be addressed by the court in its decision with respect to the equitable distribution issues.

. Of course, as Wegman makes clear, the valuation date for different assets may also be different (123 AD2d at 236-237, supra [“A court may set different valuation dates for different assets”]). Consequently, in this action, there may be different valuation dates for the EVCI stocks and options and the Dain Rauscher stock.