■ Marsha D. Morton, Respondent, v Richard A. Morton, Appellant. [892 NYS2d 518]—

At issue on this appeal is the proper valuation date for marital assets consisting of multiple business entities which own commercial real estate properties and act as the landlord for industrial and manufacturing tenants, many of which are located in the Detroit, Michigan, area. The defendant proffered evidence that a decrease in the value of these assets since the date of commencement of this action was attributable to market forces and, thus, was passive in nature. There was no evidence that a decline in the value of these assets during this period of time was due to dissipation or wasteful conduct on the part of the defendant. Thus, the Supreme Court improvidently exercised its discretion in valuing these assets as of the date of commencement of the action rather than as of the date of trial (*see McSparron v McSparron,* 87 NY2d 275, 287-288 [1995]; *Scharfman v Scharfman,* 19 AD3d 474, 475 [2005]; *Breese v Breese,* 256 AD2d 433, 433-434 [1998]; *Sagarin v Sagarin,* 251 AD2d 396, 396 [1998]; *Smerling v Smerling,* 177 AD2d 429, 430 [1991]).

This determination does not preclude either party from pre-

694

senting evidence at trial for the purposes of equitable distribution of any efforts which he or she alleges affected the value of the subject assets (*see Breese v Breese,* 256 AD2d at 434). Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.