SECOND DEPARTMENT, MARCH, 2011

(March 1, 2011)

■ CINDY L. ALOI, Appellant-Respondent, v CARL D. SIMONI, Respondent- Appellant. [918 NYS2d 506]—

The appeal from the intermediate order dated June 24, 2008, must be dismissed. No appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered (*see generally Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the amended judgment dated April 13, 2009 (*see* CPLR 5501 [a] [1]).

"A trial court is vested with broad discretion in making an equitable distribution of marital property, and 'unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' " (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009], quoting *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *see Sebag v Sebag*, 294 AD2d 560 [2002]; *Oster v Goldberg*, 226 AD2d 515 [1996]). Moreover, where the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (*see Schwartz v Schwartz*, 67 AD3d at 990; *Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]; *Grasso v Grasso*, 47 AD3d 762 [2008]). Here, except to the extent indicated below, we perceive no basis for disturbing the Supreme Court's determinations regarding the equitable distribution of the parties' property.

The Supreme Court properly concluded that the plaintiff failed to meet her burden of proving by a preponderance of the evidence that the defendant wasted or dissipated marital assets (*see Spera v Spera*, 71 AD3d 661 [2010]; *Morton v Morton*, 69 AD3d 693 [2010]; *Raynor v Raynor*, 68 AD3d 835, 838 [2009]). The evidence demonstrated that a decrease in the value of certain assets was attributable to market forces and, thus, was passive in nature, and not due to dissipation or wasteful conduct on the part of the defendant (*see Morton v Morton*, 69 AD3d 693 [2010]). Further, with respect to certain funds allegedly transferred by the defendant to his son shortly before the commencement date of the divorce action, the plaintiff offered no evidence to support the particular sum she claims was transferred, and the defendant's evidence established that certain funds borrowed by the son from a line of credit account held by a corporation owned by the defendant were repaid.

The defendant asserts that because the Supreme Court only gave him a separate property credit in the sum of $1,883,728, which represented the amount of certain personal and business

accounts consisting of stocks and bonds, and a retirement account, the Supreme Court disregarded the stipulation of the parties that the defendant's premarital net worth was $2,500,000. Contrary to the defendant's contention, the Supreme Court did not disregard the parties' stipulation. The defendant conflates his premarital net worth with his separate property credit. Even if the stipulated premarital net worth included the sale value of two residential properties, as the defendant claims, the defendant failed to trace the funds from the sale of the residential properties and prove that they remained separate (see Massimi v Massimi, 35 AD3d 400, 402 [2006]). Relatedly, the defendant failed to offer any rationale for reducing the amount of the appreciation of the defendant's personal accounts (consisting of stocks and bonds) by the price he obtained for his residential properties.

The Supreme Court erred, however, in disregarding the parties' stipulation that the appreciation in the value of the plaintiff's retirement account during the course of the marriage was the sum of $25,189. The plaintiff is entitled to 50% of the sum of the appreciation of the parties' respective retirement accounts (50% of $450,115 + $25,189 = $237,652). In calculating the amount to be paid to the plaintiff, the defendant is entitled to a credit of the appreciation remaining in the plaintiff's account ($25,189). Accordingly, the amended judgment must be modified to direct the defendant to pay the plaintiff the sum of $212,463.

The Supreme Court also erred in failing to award interest on the plaintiff's distributive award from the date of the decision until the entry of the judgment (see CPLR 5002; Appel v Appel, 54 AD3d 786 [2008]; Bartek v Draper, 309 AD2d 825 [2003]; Haymes v Haymes, 298 AD2d 117 [2002]), and from the entry of the judgment to the date of payment (see CPLR 5003; Gold v Gold, 276 AD2d 590, 591 [2000]).

The Supreme Court improvidently exercised its discretion in denying the plaintiff's application for an attorney's fee. "Pursuant to Domestic Relations Law § 237 (a), a court in a divorce action may award counsel fees to a spouse 'to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties' " (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987], quoting Domestic Relations Law § 237 [former (a)]). "This enactment, which has deep statutory roots, is designed to redress the economic disparity between the monied spouse and the non-monied spouse" (O'Shea v O'Shea, 93 NY2d 187, 190 [1999]). In exercising its discretion-

ary power to award an attorney's fee, the court may consider, among other things, "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (*Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *see Quinn v Quinn*, 73 AD3d 887, 887 [2010]). Here, there is a significant economic disparity between the defendant and the plaintiff, and the complexity of the defendant's business endeavors, as well as the defendant's uncooperativeness with discovery and with sorting out his financial affairs, greatly contributed to the high cost of the litigation. Under these circumstances, we deem it appropriate to award the plaintiff one half of her total counsel fees, which, after crediting the defendant for his payment of interim counsel fees, amounts to the sum of $81,103.

The parties' remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.