■ FRANCES ASHLEY RUBACHA, Appellant, v PAUL RUBACHA, Respondent. [940 NYS2d 56]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered July 27, 2011, which, to the extent appealed from as limited by the briefs, denied so much of plaintiff wife's motion as sought an order directing defendant husband to deposit a federal tax refund of $1,123,338 into the parties' joint account, and granted defendant's cross motion for an order directing plaintiff to authorize the transfer of $200,035, representing tax refunds from Michigan and Wisconsin, from the parties' joint account to Ashley Capital, and to sign an amended 2006 New York State tax return, with the projected tax refund, estimated to be $482,052, to be deposited with Ashley, unanimously affirmed, without costs.

In this action for divorce, plaintiff has failed to show that defendant is attempting or threatening to dispose of marital assets in order to affect plaintiff's rights in equitable distribution (*see Guttman v Guttman*, 129 AD2d 537 [1987]). Rather, the record shows that defendant has transferred, or intends to transfer, the marital tax refunds to Ashley, a marital asset, to preserve the parties' collective net worth. Indeed, the record shows that Ashley, a real estate investment company that owns commercial real estate properties and acts as the landlord for industrial and manufacturing tenants originally paid the taxes that generated the refunds at issue. It is undisputed that Ashley is in need of operating capital to maintain assets at a level that it has guaranteed to its lenders and to continue as a viable ongoing concern (*see generally Morton v Morton*, 69 AD3d 693, 693 [2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.